IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Rachel M. Lundy, | Civil Action No. 5:16-cv-2596-CMC |
| Plaintiff, | |
| vs. | **ORDER** |
| Nancy Berryhill, Acting Commissioner of Social Security, | |
| Defendant. | |

This matter is before the court on the petition of Plaintiff's attorney for fees pursuant to 42 U.S.C. § 406(b).  ECF No. 25.  Defendant filed a response and does not object to the award of attorney's fees under § 406(b).  ECF No. 28.  For the reasons set forth below, the petition is granted.

Plaintiff's attorney seeks an award of attorney's fees in the amount of $13,820.25, which is twenty-five percent (25%) of the past-due benefits awarded to Plaintiff.  This percentage is consistent with the terms of the written contingency fee agreement between Plaintiff and her attorney.  Plaintiff did not seek attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d).  Defendant requests the court authorize a payment of the amount requested ($13,820.25) from Plaintiff's past-due benefits.

In light of the contingent nature of the fees and other relevant considerations (e.g., complexity of the matter, adequacy of representation, and absence of any delay caused by counsel), the court finds the fee sought and equivalent hourly rate are reasonable.  *See Gisbrecht v. Barnhart*, 535 U.S. 789 (2002) (approving fees based on contingency-fee agreement subject to review for reasonableness, which review considers, inter alia, whether there has been substandard representation or delay caused by counsel).  Only 5.3 attorney hours were spent in the District Court, as the Commissioner agreed to a voluntary remand before briefs were filed.  Although this

court can only award attorney's fees for court-related work, the court considers "time spent and work performed by counsel on the case when it was pending at the agency level" in order to understand the overall complexity of the case, the risks involved, and the significance of the result achieved. *Mudd v. Barnhard*, 418 F.3d 424, 428 (4th Cir. 2005). Further, Defendant specifically clarified the fees are for court time only and yet requested the full amount be granted to Plaintiff. ECF No. 28. The amount of fees also takes into account the significant award counsel obtained for Plaintiff, who is to receive back-benefits from December 2012 to present.

The court, therefore, approves payment of attorney's fees to Plaintiff's attorney under 42 U.S.C. § 406(b) in the amount of $13,820.25, to be paid from the past-due benefits.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
August 1, 2018

2